# Exhibit 17





**Federal Trade Commission**
Bureau of Competition

**Department of Justice**
Antitrust Division

# Annual Report to Congress
# Fiscal Year 2001

Pursuant to Subsection (j) of Section 7A of the Clayton Act
Hart-Scott-Rodino Antitrust Improvements Act of 1976
(Twenty-Fourth Report)

Timothy J. Muris
Chairman
Federal Trade Commission

Charles A. James
Assistant Attorney General
Antitrust Division

In *Metso Oyi/Svedala Industri AB*,[60] the complaint alleged that the proposed $1.6 billion acquisition by Metso of Svedala would lessen competition globally in the research, development, manufacture, and sale of four separate rock processing equipment markets: cone crushers, jaw crushers, primary gyratory crushers and grinding mills. According to the complaint, Metso and Svedala are the two largest suppliers of rock processing equipment in the world. Under the order, Metso was required to divest its global primary gyratory crusher and grinding mill businesses and Svedala was required to divest its global jaw crusher and cone crusher businesses.

## ONGOING REASSESSMENT OF THE EFFECTS OF THE PREMERGER NOTIFICATION PROGRAM

The Commission continually reviews the impact of the premerger notification program on the business community and antitrust enforcement. Although a complete assessment is not possible in this limited report, a few observations can be made.

As indicated in past annual reports, the HSR program ensures that virtually all significant mergers or acquisitions that affect American consumers in the United States will be reviewed by the antitrust agencies prior to consummation. The agencies generally have the opportunity to challenge unlawful transactions before they occur, thus avoiding the problem of constructing effective post-acquisition relief. As a result, the HSR Act is doing what Congress intended, giving the government the opportunity to investigate and challenge mergers that are likely to harm consumers *before* injury can arise. Prior to the premerger notification program, businesses could, and frequently did, consummate transactions that raised significant antitrust concerns before the antitrust agencies had the opportunity to adequately consider their competitive effects. The enforcement agencies were forced to pursue lengthy post-acquisition litigation, during the course of which harm from the consummated transaction continued (and afterwards as well, where achievement of effective post-acquisition relief was not practicable). Because the premerger notification program requires reporting before consummation, this problem has been significantly reduced.

Although highly effective, the HSR program historically prompted expressions of concern from the business and legal communities that the program may be overreaching, that the reporting thresholds (which had not been adjusted since enactment of the HSR Act in 1976) may be too low, and that the process may cause delay. The enactment and the implementation of HSR Reform legislation during fiscal year 2001 has significantly lessened the burden on business by increasing the reporting thresholds substantially.

In addition, the enforcement agencies continue to seek ways to speed up the review process and reduce burdens for companies. This year, the agencies continued to implement new procedures and initiatives to improve the handling of second requests. The agencies are continuing their ongoing

---

[60] Metso Oyi/Svedala Industri AB, Docket No. C-4024 (issued October 23, 2001).

28

review of the HSR program in order to make it as minimally burdensome as possible without compromising the agencies' ability to investigate and interdict proposed transactions that may substantially lessen competition.

29